1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAH RA EL BEY,                          No.  2:19-cv-2467 JAM DB PS

12              Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17        Plaintiff Jah Ra El Bey is proceeding in this action pro se.  This matter was, therefore,

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Pending before the undersigned is defendants Department of Housing and Urban Development

20   ("HUD") and the Social Security Administration's ("SSA") motion to dismiss pursuant to Rule

21   12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 11.)  For the reasons stated below,

22   the undersigned will recommend that defendants' motion to dismiss be granted.

23                              **BACKGROUND**

24        Plaintiff, proceeding pro se, commenced this action on February 5, 2019, by filing a

25   complaint in the Sacramento County Superior Court.  (ECF No. 1-1 at 1.[1])  Defendants HUD and

26   ////

27   _____

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

                                            1

1  SSA removed the matter to this court on December 10, 2019, pursuant to 28 U.S.C. § 1442.[2]

2  (ECF No. 1.)  Plaintiff filed an amended complaint on January 2, 2020.  (ECF No. 7.)

3        Therein, plaintiff alleges, in relevant part, that plaintiff is "not a U.S. Citizen or Denizen

4  of any 'STATE'" but instead "is a Moor" who is "protected by Barbary Treaties."  (Am. Compl.

5  (ECF No. 7) at 3.)  In December of 2015, plaintiff "contacted Defendant HUD to seek Free

6  Housing for homeless veterans."  (Id.)  After completing the application, "no further contact was

7  made[.]"  (Id.)  In February of 2018, plaintiff "made many attempts to contact HUD[.]"  (Id.)

8        On March 9, 2018, plaintiff was informed that "to be fully eligible" plaintiff needed "to

9  fill out SHRA application[.]"  (Id.)  Plaintiff completed the application.  (Id.)  "On May 1, 2018,

10  Plaintiff filed out HUD 903 online housing discrimination complaint[.]"  (Id.)  On June 8, 2018,

11  plaintiff received notice that plaintiff was "not eligible for admission" to the free housing

12  program due to plaintiff's failure to "provide true and complete information[.]"  (Id. at 4.)  On

13  June 11, 2018, plaintiff was "coerced" into completing a "2nd SHRA application."  (Id.)

14        On January 15, 2020, defendants HUD and SSA filed the pending motion to dismiss.[3]

15  (ECF No. 8.)  Plaintiff filed an untimely opposition on February 11, 2020.  (ECF No. 9.)

16  Defendants filed a reply on February 14, 2020.  (ECF No. 10.)  Defendants' motion was taken

17  under submission on February 18, 2020.  (ECF No. 11.)

18  **STANDARDS**

19  **I.**    **Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

20        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

21  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

22  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

---

[2] 28 U.S.C. § 1442 provides that a civil action commenced in state court against any agency of the United States may be removed to the district court for the district wherein the state court action is pending.

[3] Although named as a defendant in the amended complaint, the County of Sacramento has not appeared in this action and plaintiff has not filed proof of service on the County.  (Am. Compl. (ECF No. 7) at 3.)  Plaintiff is cautioned that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

1    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

2    existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

3    594 F.2d 730, 733 (9th Cir. 1979).

4           When a party brings a facial attack to subject matter jurisdiction, that party contends that

5    the allegations of jurisdiction contained in the complaint are insufficient on their face to

6    demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

7    (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

8    similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes,

9    23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

10   1990). The factual allegations of the complaint are presumed to be true, and the motion is granted

11   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v.

12   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

13   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review

14   evidence beyond the complaint without converting the motion to dismiss into a motion for

15   summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

16          When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

17   presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d

18   at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any

19   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

20   jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule

21   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

22   of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

23                                          **ANALYSIS**

24   **I.      Defendants' Motion to Dismiss**

25          Defendants HUD and SSA seek dismissal pursuant to the doctrine of derivative

26   jurisdiction. (Defs.' MTD (ECF No. 8-1) at 2.) The doctrine of derivative jurisdiction provides

27   that when an action is "removed from state court pursuant to § 1442, our jurisdiction is derivative

28   ////

3

1    of the state court's jurisdiction."  In re Elko County Grand Jury, 109 F.3d 554, 555 (9th Cir.

2    1997).

3        In this regard, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a

4    derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties,

5    the federal court acquires none, although it might in a like suit originally brought there have had

6    jurisdiction."  Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922); see

7    also Rodriguez v. United States, 788 Fed. Appx. 535, 536 (9th Cir. 2019) ("the long-standing

8    derivative jurisdiction doctrine provides that if a state court lacks jurisdiction over a case, a

9    federal court does not acquire jurisdiction on removal"); Bullock v. Napolitano, 666 F.3d 281,

10   286 (4th Cir. 2012) ("under this doctrine of derivative jurisdiction, because the North Carolina

11   state court did not have subject-matter jurisdiction over Bullock's Title VII claim against the

12   Secretary, neither did the district court after the Secretary removed the action under 28 U.S.C. §

13   1442(a)").

14       Here, in determining whether the state court had subject matter jurisdiction prior to

15   removal, it must be acknowledged that "[t]he United States, as sovereign, is immune from suit in

16   state or federal court except to the extent that Congress has expressly waived such sovereign

17   immunity."  Tritz v. U.S. Postal Service, 721 F.3d 1133, 1136 (9th Cir. 2013).  As noted by

18   defendants, the amended complaint fails to cite to any statute waiving defendants' immunity from

19   suit in state court.  (Defs.' MTD (ECF No. 8-1) at 3.)

20       Nor does there appear to be any such statute that would be applicable to this action based

21   on the allegations found in the amended complaint.  For example, the Administrative Procedures

22   Act, 5 U.S.C. § 702, does waive the United States' sovereign immunity, but not for suit in state

23   court, as it "creates exclusive jurisdiction in the federal courts to review decision of federal

24   agencies."  City and County of San Francisco v. U.S., 930 F. Supp. 1348, 1352 (N.D. Cal. 1996).

25   42 U.S.C. § 405(g) permits a plaintiff to challenge the final decision of the Commissioner of

26   Social Security, but that action must "be brought in the district court of the United States[.]"

27       Moreover, an action based on the negligent or wrongful conduct of a government

28   employee may be brought against the United States as a claim pursuant to the Federal Tort

4

1   Claims Act, ("FTCA").  28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145

2   F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an

3   FTCA action").  The FTCA, however, "vests the federal district courts with exclusive jurisdiction

4   over suits arising from the negligence of Government employees."  Jerves v. United States, 966

5   F.2d 517, 518 (9th Cir. 1992).

6          Therefore, because the state court lacked subject matter jurisdiction over this action prior

7   to removal, "under the derivative jurisdiction doctrine, the district court also lacks jurisdiction."

8   Cox v. U.S. Dept. of Agriculture, 800 F.3d 1031, 1032 (9th Cir. 2015).  In opposition to

9   defendants' motion, plaintiff argues that the amended complaint "fully complies with the pleading

10  requirements of Federal Rule of Civil Procedure 8(a)," and asserts in a conclusory manner that

11  "[t]his Court has subject matter jurisdiction in this matter."  (Pl.'s Opp.'n (ECF No. 9) at 4.)

12  Plaintiff's opposition, however, fails to rebut the applicability of the derivative jurisdiction

13  doctrine.  The undersigned finds, therefore, that defendants' motion to dismiss should be granted.

14  **II.     Leave To Amend**

15         The undersigned has carefully considered whether plaintiff could further amend the

16  complaint to state a claim over which the court would have subject matter jurisdiction.  Valid

17  reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

18  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

19  1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

20  (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

21  to allow futile amendments).

22         In light of the deficiencies noted above, the undersigned finds that it would be futile to

23  grant plaintiff further leave to amend.  Therefore, the undersigned will not recommend that

24  plaintiff be granted further leave to amend.

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 15, 2020 motion to dismiss (ECF No. 8) be granted;

2. The amended complaint's claims against defendants HUD and SSA be dismissed without prejudice for lack of subject matter jurisdiction; and

3. Defendants HUD and SSA be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bey2467.mtd.f&rs

6