UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAH RA EL BEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-2467 JAM DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Jah Ra El Bey is proceeding in this action pro se.  This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 10, 2019, this matter was removed to this court from the Sacramento County Superior Court.  (ECF No. 1.)  On October 7, 2020, defendants Department of Housing and Urban Development and the Social Security Administration were dismissed from this action. (ECF No. 15.)

　　　　Although named as a defendant in the amended complaint, the County of Sacramento has not appeared in this action and plaintiff has not filed proof of service on the County of Sacramento.  (Am. Compl. (ECF No. 7) at 3.)  Plaintiff was repeatedly warned that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.  (ECF No. 2 at 1; ECF No. 12 at 2.)  On December 2, 2020, the undersigned issued

plaintiff an order to show cause explaining that more than 90 days have passed, the County of Sacramento has not appeared in this action, and the docket did not reflect proof of service on the County of Sacramento or any other defendant.  (ECF No. 16.)

On December 9, 2020, plaintiff filed a response to the order to show cause.  (ECF No. 17.) Therein, plaintiff states that plaintiff discovered some "religious documentation was missing from" the docket.  (Id. at 2.)  Plaintiff also explains that plaintiff had been dealing with plaintiff's "father's passing," and "some health problems which are not COVID-19 related[.]"  (Id.)  Over four months have passed since plaintiff filed that statement and still the docket reflects no proof of service nor the appearance of another defendant.

The undersigned is cognizant of the challenges faces by pro se litigants.  Nonetheless, this action has been pending for years without any proof of service on any remaining defendant or the appearance of any other defendant.  Plaintiff has been provided more than ample opportunity to serve a defendant but has failed to do so.

> Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

Here, plaintiff has shown neither good cause nor excusable neglect.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Rule 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure

////

to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2021

                                                 /s/ Deborah Barnes  
DEBORAH BARNES  
UNITED STATES MAGISTRATE JUDGE

DLB:6  
DB\orders\orders.pro se\bey2467.R4.f&rs